# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES R. ROBINSON, IV,     )
                )
         Petitioner,      )
                )
vs.                )     CIVIL NO. 09-cv-586-MJR
                )
W.A. SHERROD,        )
                )
         Respondent.     )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, an inmate at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this action under 28 U.S.C. § 2241 for the alleged denial of medical care.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

## DISCUSSION

At the outset, this Court must independently evaluate the substance of Petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 2002 WL 31103020

at *2 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked).  A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241.  *See Bunn,* 309 F.3d at 1008;  *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381;  *Pischke,* 178 F.3d at 499.

In the instant case, Petitioner seeks an order directing prison officials to order an MRI screening of his back.  Plaintiff claims this is necessary because he "sustained a severe injury to his spinal cord area" on July 19, 2009 - a few days before he commenced this action.  Plaintiff asserts that he is being denied adequate medical care for his injury in violation of the Eighth Amendment.  Such a challenge does not request a "quantum change in the level of custody."  Instead, it is more appropriately brought as a civil rights action pursuant to 42 U.S.C. § 1983.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996).  *See generally* 28 U.S.C. § 1915.  Specifically, Petitioner expressly states that he has not exhausted any of his administrative

remedies.  *See* 42 U.S.C. § 1997e(a).

<u>D<small>ISPOSITION</small></u>

Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED.**  Unfortunately, the Court is unable to provide the relief sought.  Accordingly, this habeas corpus action is **DISMISSED** without prejudice.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 8th day of March, 2010.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**